**Entered as modified by Judge Mora.**



**ORDERED in the Southern District of Florida on December 21, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

HALS REALTY ASSOCIATES LIMITED    Case No.: 20-13103-MAM
PARTNERSHIP,
                                  Chapter 11
        Debtor.
_____/

**ORDER APPROVING SALE OF DEBTOR'S COMMERCIAL
REAL PROPERTY TO RHINEBECK REALTY LLC FREE AND
CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES (ECF NO. 125)**

THIS MATTER came before the Court for final hearing on December 11, 2020 at 10:00 a.m. EST (the "Final Sale Hearing") upon the *Chapter 11 Trustee's Motion for Entry of Order Approving Bidding Procedures and Sale of Debtor's Commercial Real Property Free and Clear of All Liens, Claims, and Encumbrances and Granting Related Relief* [ECF No. 125] (the "Motion") filed by Michael I. Goldberg (the "Trustee"), the Chapter 11 Trustee of Hals Realty Associates Limited Partnership (the "Debtor"), and the *Order Granting Sale Motion, Related*

*Relief, and Approving Bidding Procedures and Sale of Debtor's Commercial Real Property Free and Clear of All Liens, Claims, and Encumbrances* [ECF No. 134] (the "<u>Bid Procedures Order</u>").

Having reviewed the Motion, the unrebutted Sworn Declaration of Michael I. Goldberg (ECF No. 147) in support of the Motion, the unrebutted proffers of David Sorbaro on behalf of Rhinebeck Realty LLC, the entire record in this Bankruptcy Case, having heard the argument of counsel and being otherwise fully advised in the premises, for the reasons stated on the record the Court **FINDS and CONCLUDES** as follows:

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.[1]

    B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363 and 365 and Federal Rules of Bankruptcy Procedure 6004 and 6006.

    D.    Due and adequate notice of the Motion and the Bid Procedures Order and of the relief requested therein has been given in accordance with the provisions of 11 U.S.C. §§ 102(1), 363 and 365, and Federal Rule of Bankruptcy Procedure 2002, 6004, 6006, and 9014. No other or further notice of the Motion or Bid Procedures Order is or will be required. Such notice is evidenced in the certificates of service attached to the Motion and at ECF Nos. 129 and 135.

    E.    The Asset Purchase Agreement (the "<u>APA</u>") attached to the Motion as Exhibit A between the Debtor and Rhinebeck Realty LLC (the "<u>Buyer</u>") for the purchase of the Property defined therein for the cash price of $21,000,000 and the assumption of Unexpired Leases (the

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

"Purchase Price") was the result of arm's-length, good-faith negotiations, and did not involve an agreement among potential bidders to control the sale price or other collusion.

F. The Property (as such term is defined in the APA), including the real property located at 401-411 South County Road and 175 Worth Avenue, Palm Beach County, Florida, are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541 and the Trustee has the requisite authority to convey the Property on behalf of the Debtor's estate.

G. The Trustee and the Buyer are proceeding in good faith, and the sale contemplated in the APA is being proposed in good faith.

H. The Buyer is unrelated to the Trustee, the Debtor or any of Debtor's current management, agents, representatives, or professionals. The Buyer is also unrelated to the Debtor's past and present principals and owners.

I. The Buyer is neither a successor nor a continuation of the Debtor.

J. There is a sound business justification for the sale of the Property, and the Purchase Price is fair and reasonable.

K. A sale pursuant to 11 U.S.C. § 363(b) and (f) is the only current viable alternative for preserving and capturing the value of the Property for the benefit of the Debtor's estate.

L. The APA and the transactions thereunder or in connection therewith, including, without limitation, any assumption and assignment of executory contracts or unexpired leases, are not being entered into to escape liability for the estate's debts.

M. The Trustee's review of the available public records evidences the following alleged potential claims, liens, interests and encumbrances relating to the Property (collectively, the "Liens and Other Encumbrances"):

    i. Lien of Bank of America, N.A. by reason of that certain Amended and Restated Mortgage, Security Agreement and Fixture Filing and Assignment of

3

       Leases, Rents and Agreements executed by Hals Realty Associates Limited Partnership, a Connecticut limited partnership, Mortgagor, in favor of DB Private Wealth Mortgage Ltd., Mortgagee, dated July 31, 2009, in the original principal amount of $5,602,547.11, recorded August 12, 2009 in Official Records Book 23385, Page 508, as amended by First Mortgage Modification Agreement recorded February 14, 2013 in Official Records Book 25797, Page 539, as assigned to Bank of America, N.A., a national banking association, by Assignment of Notice of Future Advance and Amended and Restated Mortgage and Security Agreement recorded August 14, 2014 in Official Records Book 26955, Page 85, as amended and restated by that certain Second Amended and Restated Mortgage, Security Agreement, Fixture Filing and Notice of Future Advance executed by Hals Realty Associates Limited Partnership, a Connecticut limited partnership, Mortgagor, in favor of Bank of America, N.A., a national banking association, Mortgagee, dated July 31, 2014, in the original principal amount of $5,000,000.00, recorded August 04, 2014 in Official Records Book 26955, Page 88, and release of the following collateral security instrument(s): a) Assignment of Lessor's Interest in Leases recorded August 04, 2014, in Official Records Book 26955, Page 112. UCC-1 Financing Statement recorded September 05, 2014, in Official Records Book 27021, Page 1588, as continued by that certain UCC-3 Financing Statement recorded May 03, 2019, in Official Records Book 30587, Page 1896.

  ii.    Interest of JPMorgan Chase Bank, N.A. by reason of the right of first refusal and/or option to purchase as set forth in that certain Memorandum of Lease by and between Hals Realty Associates Limited Partnership, a Connecticut limited partnership, and JPMorgan Chase Bank, N.A., a national banking association, recorded October 30, 2013, in Palm Beach County Official Records Book 26419, Page 36; which right of first refusal and / or option to purchase has expired by its terms;

  iii.   Lien or interest of Gallery Place Condominium Association, Inc. by reason of all assessments and fees, including special assessments or payments;

  iv.   Lien or interest of Palm Beach County, Florida by reason of any outstanding taxes or assessments; and

  v.    Lien or interest of S.M.S. Co. by reason of that certain Final Money Judgment against Hals Realty Associates, Limited Partnership, recorded September 22, 2020, in Palm Beach County Official Records Book 31767, Page 1154.

N.    The Court finds there are (a) no parties in possession of the Property other than the Trustee for the Debtor's estate, (b) there are no encumbrances upon the Property other than as set forth in paragraph M, (c) there are no unrecorded assessments due and payable, and (d)

there have been no improvements made on the Property within the last 90 day period for which there remain any outstanding and unpaid bills for labor, materials, or supplies for which a lien or liens may be claimed.

  O. No holder of any lien, claim, interest, or encumbrance, including the holders of the Liens and Other Encumbrances (collectively, the "Interest Holders"), objected to the Motion, and therefore, all Interest Holders have consented to the sale of the Property to the Buyer free and clear of all interests, claims, liens, and encumbrances. Accordingly, the sale of the Property free and clear of all liens, claims, interests, and encumbrances is appropriate pursuant to 11 U.S.C. § 363(f)(2).

  P. The Purchase Price for the Property exceeds the aggregate value of all liens on the Property. Accordingly, the sale of the Property free and clear of all liens is appropriate pursuant to 11 U.S.C. § 363(f)(3).

  Q. The Buyer would not have entered into the APA and will not consummate the transactions contemplated thereunder, thus adversely affecting the Debtor's estate and creditors, if the sale of the Property is not to be entirely free and clear of all interests of any kind whatsoever, or if the Buyer will, or in the future could, be liable for any such interests (except for obligations expressly assumed in the APA).

  R. The Debtor has three unexpired leases ("Unexpired Leases") with the following tenants:

> a. The July 20, 2012 lease agreement between JP Morgan Chase Bank N.A. ("Chase") and the Debtor for a portion of the 401-411 Parcel with the address of 411 South County Road, Palm Beach, FL 33480 (the "Chase Lease") and any amendments thereto. Chase further had a right of first refusal pursuant to the Chase Lease in regards to any offers made for the purchase of the 401-411 Parcel and had 45 days from the notice of any offer to purchase the 401-411 Parcel to match the offer (the "Chase ROFR"). The Court has entered an order finding that

    the Chase ROFR was not timely exercised and therefore expired and the Court so finds for purposes of this order as well.

    b.  The 1998 lease agreement between the United States Postal Service and the Debtor for a portion of the 401-411 Parcel with the address of 401 South County Road, Palm Beach, FL 33480 (the "USPS Lease") and any amendments thereto.

    c.  The December 7, 2000 lease agreement between Tourneau Jewelers Inc. and the Debtor for a portion of the 401-411 Parcel with the address of 175 Worth Avenue, Palm Beach, FL 33480 (the "Tourneau Lease") and any amendments thereto.

  S.  The Trustee served each tenant with the Estoppel Certificate attached as Exhibit F to the APA. No party interposed any objection to the assignment of the Unexpired Leases or asserted any Debtor default under the leases.

  T.  Except as otherwise provided herein, all of the Debtor's title and interests in the Property to be acquired by the Buyer under the APA will be, as of the closing of the sale of the Property transferred to and vested in the Buyer. Upon the occurrence of the closing and except as otherwise provided herein, this Order will be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of title to the Property acquired by the Buyer under the APA and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Property to the Buyer.

  U.  S.M.S. Co. alleges a secured claim ("SMS Claim") by reason of the judgment lien referenced in paragraph M(v). At the Final Sale Hearing, the Court granted authority for, and all parties in attendance consented to, the Trustee's immediate satisfaction of the SMS Claim from any sale proceeds from the Property received by the Trustee.

  V.  The sale and transactions contemplated by the APA are undertaken by the Buyer in good faith, as that term is used in 11 U.S.C. § 363(m). The Buyer is a purchaser in good faith of the Property and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

W. The Buyer entered into the proposed sale without collusion, in good faith, and from an arm's length bargaining position, and has not violated 11 U.S.C. § 363(n) by any action or inaction, and the APA does not violate the provisions of 11 U.S.C. § 363(n). The Trustee and the Buyer have not engaged in any conduct that would cause or permit the APA to be avoided under 11 U.S.C. § 363(n).

X. The Chase ROFR was not exercised by Chase prior to the November 15, 2020 deadline set by this Court and is of no further validity or effect as to the Trustee's conveyance of the Property to the Buyer.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion [ECF No. 125] is **GRANTED** as set forth herein.

2. Any interested party that has not filed a written objection to the Motion is deemed to consent to the sale of the Debtor's Property to the Buyer under the terms of the APA and this Order.

3. Any remaining objections to the Motion asserted prior to or at the Sale Hearing are **OVERRULED** *in toto*.

4. The APA is **APPROVED**, and the parties thereto are authorized to immediately close and effectuate the sale of the Property and all transactions set forth therein. The Buyer is specifically authorized to assign its interest to a special purpose entity that is owned or controlled by Buyer or Buyer's member prior to closing and all references to Buyer in this order will include its assigns.

5. The provisions of this Order will be binding upon and inure to the benefit of the Buyer and the Trustee and their respective successors and assigns (including any trustee or other estate representative appointed as a representative of the Debtor's estate or any estate in any

successor cases).  No third parties are intended to be or will be deemed to be third party beneficiaries of this Order.

6.  Pursuant to 11 U.S.C. § 363(m), the reversal or modification on appeal of the authorization provided herein to consummate the sale and any transactions related to the sale will not affect the validity of the sale of the Property to the Buyer or its assigns, unless such authorization is duly stayed pending such appeal.

7.  Pursuant to 11 U.S.C. §§ 363(f)(2) and (3) and except as otherwise provided herein, upon entry of this Order and compliance with the requirements to close set forth herein and in the APA, the transfer of the Debtor's right, title, and interests in the Property to the Buyer will be in all respects a valid, legal and effective transfer of Property to the Buyer, under Section 363(f) of the Bankruptcy Code, free and clear of all liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), interests or encumbrances of any kind or nature whatsoever, including (but not limited to): (a) liens and claims that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's interest in the Property, or any similar rights, (b) liens and claims relating to taxes arising under, out of, in connection with, or in any way relating to the operation of Property prior to closing, and (c) (i) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, including, but not limited to, any restriction on the transfer, receipt of income or other exercise of any attributes of ownership, and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor or any of the Debtor's predecessors or affiliates, claims, obligations, liabilities, demands, guaranties, options, rights,

contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise, including (but not limited to) claims otherwise arising under doctrines of successor liability (collectively, "Interests").

8. The sale of the Property to the Buyer will be free and clear of any claims of successor liability. The Buyer, as the result of any action taken in connection with the purchase of the Property, will not be deemed to (a) be the successor of the Debtor; (b) have, *de facto* or otherwise, merged with or into the Debtor; (c) be a mere continuation or a substantial continuation of the Debtor or for payment of any benefit(s) accruing to the Debtor; (d) be a successor in interest to the Debtor under any theory of successor liability for employee-related claims against the Debtor and/or its principal brought under the Fair Labor Standards Act; or (e) be a successor of or to the Debtor for any other type of claims, interests or causes of action against the Debtor or the Property of any kind whatsoever.

9. Any liens, claims, interests, or encumbrances which may exist, including but not limited to the Liens and Other Encumbrances, the claims included in the Debtor's schedules and proofs of claims filed against the Debtor, will attach to the net proceeds of the sale of the Property in the order of their priority, with the validity, force and effect that they now have, if any, against the Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens, claims, interests, or encumbrances, and further subject to the terms of any chapter 11 plan filed in this case and confirmed by the Court.

10. The Trustee's assumption and assignment of the Unexpired Leases to the Buyer is approved. Upon the Trustee's execution of assignments of the Unexpired Leases to the Buyer,

the Unexpired Leases will be assigned to the Buyer.

11. The Buyer is authorized to execute any document necessary to release, extinguish, discharge, or avoid any liens, claims, interests, or encumbrances any party continues to assert against the Property or Buyer subsequent to the entry of this Order.

12. The Buyer is authorized to obtain any further order from this Court to release, extinguish, discharge, or avoid any liens, claims, interests or encumbrances arising prior to the date of closing by any party who continues to assert against the Property any such lien, claim, interest or encumbrance subsequent to the entry of this Order.

13. All Interests Holders asserting liens, claims, interests or encumbrances against the Property are hereby enjoined from continuing to assert such liens, claims, interests or encumbrances against the Property or the Buyer subsequent to the entry of this Order.

14. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing liens, claims, interests, or encumbrances in the Property have not delivered to the Debtor prior to the closing of the sale of Property, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Property, then following closing of the sale of the Property to the Buyer, (a) the Debtor is authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property, and (b) the Buyer is authorized to file, register, or otherwise record a certified copy of this Order in the public records of Palm Beach County which, once filed, registered, or otherwise recorded, will constitute conclusive evidence of the release of all claims, liens, interests, and encumbrances in the Property of any kind or nature whatsoever.

15. All other terms and conditions set forth in the APA are incorporated herein by reference. The failure to include any particular provisions of the APA in this Order will not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety, as set forth herein.

16. Subject to the terms of this Order and the APA, the Trustee is authorized and directed to execute, deliver, receive, exchange and record any and all documents and instruments necessary to effectuate the sale of the Property pursuant to the terms of the APA.

17. The Trustee will serve as the disbursing agent at closing and will be responsible for disbursing all funds reasonably necessary to satisfy all closing costs, any allowed secured claims with an interest against the Property, including the SMS Claim, and any Court-awarded professional administrative expense claim, with the exception that all title insurance premiums, and any buyer-broker fees, will be disbursed directly by the escrow agent from the closing proceeds.

18. The Trustee has full power and authority and is instructed to execute the documents contemplated in the APA, including without limitation any conveyance deeds and bill of sale, together with any other documents as may reasonably be required to implement and consummate the sale of the Property by the Trustee to the Buyer and the transactions contemplated under the APA, which actions have been duly and validly authorized by the Debtor, and the Debtor, acting through the Trustee, has all the power and authority necessary to consummate the transactions contemplated in this Order.

19. The Trustee will immediately serve a copy of this Order pursuant to Bankruptcy Rules 6004(a), (c), 6006, and 2002(a)(2) upon: a) the Office of the United States Trustee; b) all creditors of the Debtor; c) all Interest Holders asserting a claim, lien, encumbrance or interest on

or in the Debtor's assets; d) all counterparties to the Unexpired Leases, and e) all parties who have requested notices pursuant to Rule 2002.

20.     The Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments and modifications thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: a) subject to the terms and conditions of the APA and this Order, compel delivery of the Property to the Buyer or its assigns; b) compel delivery of the Purchase Price by the Buyer, or its assigns, or performance of other obligations of the Buyer, or its assigns, contained in the APA or agreements executed by the Trustee in connection therewith; c) compel performance of all obligations of the Debtor contained in the APA; d) resolve any disputes arising under or related to the APA, except as otherwise provided therein; and e) interpret, implement, and enforce the provisions of this Order.

21.     The Court expressly waives the stay requirement enumerated in Federal Rule of Bankruptcy Procedure 6004(h) such that entry of this Order will not be subject to an automatic fourteen (14) day stay and such that this Order is effective immediately.  Notwithstanding the possible applicability of Federal Rule of Bankruptcy 6006(d), the terms and conditions of this Order will be immediately effective and enforceable upon its entry.

###

Submitted by:
Eyal Berger, Esq.
Florida Bar No. 11069
eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel:  954-463-2700/Fax: 954-463-2224

*Eyal Berger is directed to serve a copy of this Order on all parties in interest and to file a certificate of service.*